IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROLEX WATCH U.S.A., INC.,

    Plaintiff,

v.                                  No. 01-2797 B

TOWN & COUNTRY JEWELERS, INC.,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR CLARIFICATION

---

Before the Court is the motion of the Defendant, Town & Country Jewelers, Inc. ("Town & County") to clarify the injunction entered by this Court's order of September 30, 2005. Specifically, Town & Country requests that the Court provide clarification as to paragraphs 1, 2, 3, and 4, which provide as follows:

> Further, it is ordered that Defendant
>
> (1)     transfer to Rolex all domain names incorporating the name Rolex, including the names: rolexswiss,com, rolexswissbiz.com, rolexwatchbiz.com, and erolexswiss.com;
>
> (2)     take all steps necessary to remove from its advertising and promotion all material offering for sale counterfeit or infringing Rolex products and all Rolex Marks or copies or colorable imitations thereof used to identify non-genuine Rolex products;
>
> (3)     deliver to Plaintiff's attorneys, pursuant to 15 U.S.C. § 1118, all products and all documents, including but not limited to labels, signs, prints, packages, wrappers, receptacles, brochures, advertisements, and internet webpage electronic files in the possession of Defendant which violate this Order within thirty (30) days of its entry; and

>   (4) pursuant to 15 U.S.C. § 1116, file with the Court and serve on the Plaintiff within thirty (30) days after service on the Defendant of this Order, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

Order at 15. Town & Country seeks clarification that paragraphs 2 and 3 pertain only to counterfeit or infringing Rolex products and materials. In response, Plaintiff, Rolex Watch U.S.A., Inc. ("Rolex") argues that, because the plain language of the injunction makes clear that it applies to counterfeit and infringing Rolex products and materials used by or in the possession of Town & Country, clarification is not necessary. The Court agrees that the language of the order is clear. Accordingly, the Defendant's motion for clarification is hereby DENIED and Town & Country is directed to comply with the Court's order of September 30, 2005 as entered.

**IT IS SO ORDERED** this 16th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 118 in case 2:01-CV-02797 was distributed by fax, mail, or direct printing on November 16, 2005 to the parties listed.

---

Brian W. Brokate
GIBNEY ANTHONY & FLAHERTY, LLP
665 Fifth Ave.
New York, NY 10022

Siegrun D. Kane
MORGAN & FINNEGAN LLP
345 Park Ave.
New York, NY 10154

John J. Mulrooney
CRONE & MASON, PLC
5100 Poplar Ave.
Ste. 3200
Memphis, TN 38137

David H.T. Kane
MORGAN & FINNEGAN LLP
345 Park Ave.
New York, NY 10154

Ed M. Hurley
HURLEY & ROYAL
3540 Summer Ave.
Ste. 411
Memphis, TN 38122

Michele Ficarra
GIBNEY ANTHONY & FLAHERTY, LLP
665 Fifth Ave.
New York, NY 10022

Thomas M. Gould
U.S. DISTRICT COURT
242 Federal Bldg.
167 No. Main St.
Memphis, TN 38103

Ronald D. Coleman
GIBNEY ANTHONY & FLAHERTY, LLP
665 Fifth Ave.
New York, NY 10022

John F. Flaherty
GIBNEY ANTHONY & FLAHERTY, LLP
665 Fifth Ave.
New York, NY 10022

Kathleen E. McCarthy
MORGAN & FINNEGAN LLP
Three World Financial Center
New York, NY 10281--210

Honorable J. Breen
US DISTRICT COURT