IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROLEX WATCH U.S.A., INC.,

    Plaintiff,

v.                                                                         No. 01-2797 B
                                                                           UNDER SEAL

TOWN & COUNTRY JEWELERS, INC.,

    Defendant.
_____

ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR AN AWARD OF
ATTORNEY'S FEES AND RELATED NONTAXABLE COSTS
_____

    Plaintiff, Rolex Watch U.S.A., Inc. ("Rolex") brought this action against Defendant Town & Country Jewelers, Inc. ("T & C") for trademark infringement, counterfeiting, and dilution pursuant to the Lanham Act, 15 U.S.C. § 1114 and § 1125(c), and the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  On July 19, 2004, this Court entered an Order granting summary judgment as to liability in favor of the Plaintiff, finding the Defendant liable for trademark infringement, counterfeiting, and violation of the ACPA for its advertisement and sale of Rolex watches altered with non-genuine parts.  In response to a motion by the Plaintiff, on September 30, 2005, this Court entered an Order permanently enjoining T&C from continued infringing conduct and awarding damages pursuant to 15 U.S.C. § 1117(c) and 15 U.S.C. § 1117(d) for each of four counterfeit marks and four infringing domain names registered and maintained by T&C. (Sept. 30, 2005 Order at 7-9.)  In addition to statutory damages, the Court found that Plaintiff was entitled to recover reasonable attorney's fees under 15 U.S.C. 1117(b) as well as the exceptional

1

case provision of 15 U.S.C. 1117(a).  (Id. at 11-12.) The Court also concluded that Plaintiff was entitled to costs, other than attorney's fees, under Federal Rule of Civil Procedure 54(d)(1) and 15 U.S.C. 1117(a).  (Id. at 12.)

Before the Court is the application of the Plaintiff for an award of attorney's fees and expenses.  Specifically, Rolex moves the Court for an award of $158,299.25 in attorney's fees and $88,409.18 in related nontaxable expenses.  On December 20, 2005, this Court entered an order directing T&C to show cause within eleven (11) days of its entry why Plaintiff's application should not be granted. According to the Court's docket, T&C has, to date, failed to respond to Rolex's application or the order of this Court.

I. Attorney's Fees

Because the Court has already determined that an award of attorney's fees is appropriate, the sole question to be addressed is the amount of the award. Plaintiff seeks an award of $158,299.25 for attorney's fees.  The Defendant has not responded with opposition to the amount claimed by the Plaintiff.  Nevertheless, the Court must consider whether the amount claimed is reasonable. V Secret Catalogue, Inc. v. Zdrok, No. 2:01-CV-0059, 2002 WL 1578780, at * 1 (S.D. Ohio June 11, 2002).  The "initial point of departure, when calculating a reasonable attorney fee, should be the determination of the fee applicant's lodestar," or the proven number of hours reasonably expended multiplied by the attorney's reasonable hourly rate. Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

After making the determination, the court may then "adjust the lodestar to reflect relevant considerations peculiar to the subject litigation." Id.   Factors that the court may consider in

adjusting the lodestar include "(1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Isabel v. City of Memphis, 404 F.3d 404, 415 -416 (6th Cir. 2005). "The most critical factor in determining a fee award's reasonableness is the degree of success obtained, since a fee based on the hours expended on the litigation as a whole may be excessive if a plaintiff achieves only partial or limited success." Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (citing Hensley, 461 U.S. at 436, 103 S.Ct. 1933). However, "a strong presumption favors the prevailing lawyer's entitlement to his lodestar fee." Adcock-Ladd, 227 F.3d at 350 (internal quotations omitted). Accordingly, a reduction should be applied only in "rare and exceptional cases" where specific evidence in the record requires it. Id.

In support of its application for attorney's fees, Plaintiff has submitted the declarations of Brian W. Brokate, lead counsel for Rolex, based in New York, New York, and John L. Mulrooney, local counsel for Rolex, based in Memphis, Tennessee.[1] (Decl. Brian W. Brokate ("Brokate Decl.") ¶ 4; Decl. John J. Mulrooney ("Mulrooney Decl.") ¶ 4.) In addition, Plaintiff has provided the declarations of Larry E. Parrish and Douglas A. Miro as to appropriate market rates for legal

---

[1] In its application for attorney's fees, Plaintiff notes that it has limited its request to the time of Brokate and Mulrooney. (Appl. at 4.)

3

services in Memphis, Tennessee and New York, New York respectively. (Decl. Larry E. Parrish ("Parrish Decl.") ¶ 4; Decl. Douglas A. Miro ("Miro Decl.") ¶ 4.)

Brian W. Brokate, Esq. of the New York firm of Gibney, Anthony & Flaherty, LLP, avers in his declaration that he spent a total of 267.20 hours on the litigation. (Brokate Decl. ¶ 3.) Along with his declaration, Brokate has provided detailed statements of the work performed in this matter, including, but not limited to, preparation of discovery demands, taking of depositions, and the preparation of the motions to compel and motion for summary judgment. (Brokate Decl. Ex. 1; Appl. at 5-6.) Brokate's hourly rate is $375.00. (Brokate Decl. ¶ 3.) Miro avers in his declaration that the hourly rate charged by Brokate "was fair and reasonable as compared to rates charged by attorneys of comparable experience in New York County, New York, New York." (Miro Decl. ¶ 4.)

John L. Mulrooney, Esq. of the Memphis, Tennessee firm of Crone & Mason, PLC, states that he provided 314.05 hours of legal services on the instant litigation at an hourly rate of $185.00 per hour. (Mulrooney Decl. ¶ 3.) Mulrooney has also provided a detailed accounting of the services performed. (Mulrooney Decl. Ex. A.) In support of the reasonableness of the hourly rate charged by Mulrooney, Plaintiff offers the declaration of Parrish, who avers that the rate charged was "in line with or less than rates charged for the services of similarly experienced lawyers practicing" in this Court. (Parrish Decl. ¶ 4.)

The Court finds that the declarations and accompanying documentation as to the services provided in the instant litigation adequate to support the award requested. The number of hours directed at the action and hourly rate charged by Plaintiff's counsel have not been challenged by the Defendant. Further, Plaintiff has sufficiently documented the services performed during the hours

charged and provided support for the reasonableness of the hourly fee charged for those services. Because the Plaintiff was successful and because T&C has presented no specific evidence in the record demonstrating that this action presents the "rare and exceptional case" in which the lodestar should be reduced, no reduction in fees is appropriate. Adcock-Ladd, 227 F.3d at 350; see also Isabel, 404 F.3d at 415 -416 ("Where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee"). Accordingly, the Court awards Plaintiff attorney's fees in the amount of $158,299.25.

II. Nontaxable Expenses

Plaintiff also submits an application for related nontaxable expenses pursuant to Federal Rule of Civil Procedure 54(d)(2). Specifically, Plaintiff seeks to recover for the following nontaxable costs:

| | |
|---|---|
| DHL/Fed EX/UPS | $4,273.50 |
| Fees for Expert Witness | $63,829.93 |
| Lexis Research | $1,451.68 |
| Westlaw Research | $9.35 |
| Pacer Service | $36.41 |
| Telecopier | $77.08 |
| Long Distance Telephone Charges | $234.20 |
| U.S. Postage | $48.95 |

(Appl. at 11.) For each of the claimed expenses, Plaintiff has produced records or invoices as well as declarations attesting to the reasonableness of the costs incurred. (Brokate Decl. ¶ 4; Mulrooney Decl. ¶ 4.) The Defendant has not responded or challenged the reasonableness of the claimed expenses.

Rule 54(d)(2)(A) provides simply that "[c]laims for attorney's fees and related nontaxable expenses shall be made by motion . . ." FED. R. CIV. P. 54(d)(2)(A). Separate statutory authority is required for an award pursuant to the Rule. Snell v. Reno Hilton Resort, 930 F.Supp. 1428, 1434

(D. Nev. 1996).  Here, the Court has previously determined that Plaintiff is entitled to recover attorney's fees pursuant to 15 U.S.C. 1117(b) as well as the exceptional case provision of 15 U.S.C. 1117(a), both of which provide for an award of "reasonable" attorney's fees.  See 15 U.S.C. 1117(a), (b). "Statutory authority to award reasonable attorney's fees includes the authority to award reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services."  Id. (citing Northcross v. Board of Education, 611 F.2d 624, 639 (6th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), and cert. denied, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980)) ("Some expenses are included in the concept of attorney's fees, as incidental and necessary expenses incurred in furnishing effective and competent representation.") (internal quotations omitted). Reasonable out-of-pocket expenses have been held to be reimbursable as part of an attorney's fee award in Lanham Act litigation.  See United Phosphorus, Ltd. v. Midland Fumigant, Inc., 21 F.Supp.2d 1255, 1262 (D. Kan.1998) ("out-of-pocket expenses incurred during a lawsuit may be reimbursed as part of an attorney fee award if (1) the expenses are not absorbed as part of a law firm overhead but are normally billed to a private client, and (2) the expenses are reasonable.)(internal quotations omitted), *rev'd on other grounds*, United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219 (10th Cir. 2000); BASF Corporation v. Old World Trading Company, 839 F.Supp. 528, 534 (N.D. Ill. 1993) (noting that legal research costs incurred using computerized research systems (i.e. LEXIS) are recoverable in an attorney's fee award under the Lanham Act).  Excluding those related to Plaintiff's experts, the Court finds that all costs cited by the Plaintiff are reasonable "expenses from third party services that are part and parcel of any litigation," and because Plaintiff has cited no objection, the requested costs are awarded.  See Bridgeport Music, Inc. v. Lorenzo, 255

F.Supp.2d 795, 802 (M.D. Tenn. 2003) (permitting recovery of costs for fax, courier, express delivery and Pacer research as part of attorney's fee award in action under the Copyright Act).

However, Plaintiff has provided and the Court is aware of no authority which demonstrates that the shifting of expert witness fees is contemplated by the Lanham Act. As explained by the United States Supreme Court in West Virginia Univ. Hosp., Inc. v. Casey, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), "attorney's fees and expert fees are distinct items of expense." West Virginia Univ. Hosp., Inc., 499 U.S. at 92, 111 S.Ct. at 1143. Accordingly, the Supreme Court held that, in the absence of explicit statutory authority to the contrary, fees for expert witnesses are not recoverable as part of an award for reasonable attorney's fees.[2] As part of the Civil Rights Act of 1991, Congress reacted to West Virginia by adding a new subsection to 42 U.S.C. § 1988 which explicitly provided statutory authority to include expert witness fees in an award of attorney's fees and effectively reversed West Virginia in respect to awards in actions arising under 42 U.S.C. § 1981 or 42 U.S.C. § 1981(a). See 42 U.S.C. § 1988(c) ("In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.").

---

[2] West Virginia concerned whether expert witness fees were recoverable as part of 42 U.S.C. § 1988(b), which provided, in relevant part, that

> [i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a *reasonable attorney's fee* as part of the costs."

West Virginia Univ. Hosp., Inc., 499 U.S. at 95 n.1, 111 S.Ct. at 1140 (quoting 42 U.S.C. § 1988) (emphasis added).

Congress took further action to limit West Virginia's reach by adding added statutory authority for expert fees in Title VII, 42 U.S.C. § 2000e-5(k), and by incorporating Title VII's remedy in the Americans with Disabilities Act, 42 U.S.C. § 12117(a).  However, Congress has taken no such action with respect to the Lanham Act.  As noted above, 15 U.S.C. 1117(a) and 15 U.S.C. 1117(b), provide only for an award of "reasonable" attorney's fees.  In the absence of explicit statutory authority, the Court may not include expert witness expenses in that award.  West Virginia Univ. Hosp., Inc., 499 U.S. at 92, 111 S.Ct. at 1143; see also B & H Manufacturing Company, Inc. v. Bright, No. CVF01-6619 AWI LJO, 2006 WL 547975, at *17 (E.D. Cal. March 3, 2006) (noting that the Lanham Act confers no authority for courts to exceed the limits on costs associated with expert witnesses contained in 28 U.S.C. §§ 1821 and 1920 by awarding such costs as part of an award of attorney's fees).  Accordingly, Plaintiff is awarded nontaxable related expenses in the amount of $24, 579.25.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for an award of attorney's fees and related nontaxable expenses is GRANTED IN PART.  Counsel for the Plaintiff is hereby awarded attorney's fees in the amount of $158,299.25 and $24, 579.25 in related nontaxable expenses and costs.

IT IS SO ORDERED this 31st day of March, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE